Filed 9/24/24  P. v. Gonsalves CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TODD WILLIAM GONSALVES,<br><br>        Defendant and Appellant. | A167441<br><br>(Humboldt County<br> Super. Ct. No. CR2101527) |

Defendant Todd William Gonsalves appeals from a February 2023 resentencing hearing at which the trial court imposed a four-year prison sentence.  Gonsalves argues the court was unaware of the limits placed on its sentencing discretion by amendments made to Penal Code section 1170 after Gonsalves's initial sentencing hearing in November 2021.  We agree.  We reverse and remand for the trial court to hold a new sentencing hearing.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

In May 2021, Gonsalves confronted his girlfriend K.B. in a post office parking lot in Humboldt, flashed a gun in his waistband, and demanded that

---

[1] All undesignated statutory references are to the Penal Code.  We incorporate by reference our unpublished opinion in Gonsalves's prior appeal, *People v. Gonsalves* (Nov. 15, 2022, A164048).

1

she give him money or he would shoot her, her ex-sister-in-law, and her children.  At trial, K.B. significantly altered her account and said Gonsalves did not have a gun, did not threaten to kill her, and only threatened to end their relationship if she did not stop spending time with her ex-sister-in-law.

The jury ultimately convicted Gonsalves of attempting to make a criminal threat, possessing a firearm as a felon, and violating a protective order.  Following the verdict, Gonsalves admitted he had suffered two prior strikes.  Gonsalves was not, however, advised of his constitutional rights prior to his admission, including his right to a trial by jury as to the prior convictions, to confront and cross-examine witnesses, and his privilege against self-incrimination; Gonsalves, thus, did not expressly waive those rights before making his admission.

At the original sentencing hearing in November 2021, the trial court dismissed one of Gonsalves's prior strike convictions and found that the aggravating factors and mitigating factors were "evenly balanced."  The court also stated there were "mitigating circumstances with regards to what occurred . . . with regard to the trial," and referenced K.B.'s testimony and a letter she submitted, both of which were to Gonsalves's benefit and "result[ed] in midterms."  The court then sentenced Gonsalves to four years in prison, comprised of the middle term of two years for possession of a firearm, doubled to four years due to the prior strike; a concurrent upper term of 18 months for attempted criminal threats, doubled to three years due to the prior strike; and a one-year term for violation of a protective order which was deemed served by his presentence credits.

We reversed.  (*People v. Gonsalves*, *supra*, A164048.)  We held that the trial court erred when it accepted Gonsalves's two prior strike convictions

2

without advising Gonsalves of his constitutional rights. We therefore vacated the judgment and remanded the matter to the trial court for resentencing.

The case returned to the trial court. At a February 10, 2023 resentencing hearing, Gonsalves was advised as to his constitutional rights and admitted the prior strike convictions. The court made no mention of the intervening amendments to section 1170 but stated, "for the reasons . . . previously put on the record," it was imposing the same sentence as before—namely, a four-year middle prison term for possession of a firearm by a felon; a concurrent three-year upper term for attempted criminal threats; and a one-year jail term for violation of the protective order which was deemed served.

This appeal followed.

## DISCUSSION

Gonsalves argues his sentence must be vacated and the matter remanded for a full resentencing because the trial court was unaware of the limits that had been placed on its sentencing discretion by amendments to section 1170 that became effective after the initial sentencing hearing. In response, the Attorney General preliminarily represents that Gonsalves is no longer in custody and asserts Gonsalves's challenge to his three-year concurrent sentence for attempted criminal threats is moot. We address the threshold issue of mootness before discussing the merits of Gonsalves's contentions.

### I. Mootness

The Attorney General acknowledges that Gonsalves's challenge to his four-year sentence for possessing a firearm as a felon is not moot because "a reduction in his sentence could result in excess custody credits, which could be applied to fines and fees." However, the Attorney General then argues

3

Gonsalves's three-year concurrent sentence for attempted criminal threats is moot because Gonsalves cannot receive custody credits "for time that he was required to serve on the four-year felon in possession conviction." While we agree with the Attorney General that custody credits cannot be double-counted for concurrent sentences, this argument presumes that after resentencing, Gonsalves would again be sentenced to the same terms and in the same manner as he was at the 2023 resentencing hearing. This reasoning is flawed.

As Gonsalves points out, if he succeeds in challenging his sentence, the matter would have to be remanded for a *full resentencing* as to all counts. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["We have held that when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].) Thus, on remand, the nature and structure of the sentencing is not a foregone conclusion. (See *People v. Clancey* (2013) 56 Cal.4th 562, 579.) As such, the challenge to the three-year sentence for attempted criminal threats is not moot.

## II. Standard of Review

We review a trial court's choice of sentencing term for an abuse of discretion. (*People v. Ogg* (2013) 219 Cal.App.4th 173, 185.) To prove an abuse, the " 'burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.' " (*People v. Superior Ct. (Alvarez)* (1997) 14 Cal.4th 968, 977.) A defendant can meet this burden if he " 'affirmatively demonstrate[s] that the trial court misunderstood its sentencing discretion.' " (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.) This is because a "court which is unaware of the scope of its discretionary powers

4

can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." (*People v. Salazar* (2023) 15 Cal.5th 416, 424.) In such circumstances, courts have held "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)[2]

### III. Applicable Legal Framework

When Gonsalves was first sentenced in November 2021, section 1170, subdivision (b) stated that when a statute specified three possible terms, the "choice of the appropriate term shall rest within the sound discretion of the court." (See *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1283.) On January 1, 2022, however, the Legislature significantly amended section 1170. (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 199.) As relevant here, the amended statute dictates the middle term is the presumptive sentence unless there were aggravating circumstances justifying the upper term and the facts underlying those circumstances had been stipulated to by defendant or found true beyond a reasonable doubt at a jury or court trial. (*Ibid.*; § 1170, subd. (b)(1)–(2).) The 2022 amendment also provides that a trial court "shall order" the imposition of the lower term if "psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence" was a "contributing factor" in the commission of the offense, unless the court found the aggravating circumstances outweighed the mitigating circumstances. (*People v. Fredrickson* (2023)

---

[2] This standard was upheld in the Supreme Court's recent decision in *People v. Lynch* (2024) 16 Cal.5th 730, albeit in the context of sentences imposed under the prior version of section 1170.

90 Cal.App.5th 984, 986–987, fn. 2; § 1170, subd. (b)(6)(A).)

## IV. Analysis

Gonsalves argues that at the resentencing hearing, the trial court was unaware that the amended section 1170 imposed a presumptive middle term under subdivision (b)(1)–(2), and was also unaware that a presumptive lower term could be triggered by circumstances such as psychological trauma under subdivision (b)(6). He also preemptively argues that his challenges under section 1170 are not forfeited (citing *Fredrickson*, *supra*, 90 Cal.App.5th at p. 987, 994, fn. 8 (*Fredrickson*)), and, if they were, his counsel's failure to raise the issue constituted ineffective assistance of counsel. The Attorney General contends Gonsalves forfeited his challenge under section 1170, subdivision (b)(6), but does not argue forfeiture relative to subdivision (b)(1)–(2).

With respect to the issue of forfeiture, the Attorney General's silence serves as a concession that the challenge under subdivision (b)(1)–(2) has not been forfeited. (See *People v. Bouzas* (1991) 53 Cal.3d 467, 480 [treating Attorney General's failure to respond to a point as a concession of its merits]; see, e.g., *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 [forfeiture inappropriate where challenge based not on manner in which trial court exercised its sentencing discretion but rather its "apparent misapprehension of statutory sentencing obligations"]; *People v. Downey* (2000) 82 Cal.App.4th 899, 912 [failure to exercise discretion constitutes denial of a fair hearing and deprivation of fundamental procedural rights].) We agree and therefore turn to the merits of Gonsalves's contention regarding section 1170, subdivision (b)(1)–(2).

Once again, the Legislature's amendments to Section 1170, subdivision (b) changed the framework by which the trial court exercises its

6

discretion by specifying a presumptive middle term sentence unless there are aggravating circumstances justifying the upper term and the facts underlying those circumstances have been stipulated to by defendant or found true beyond a reasonable doubt at a jury or court trial. (*People v. Wandrey* (2022) 80 Cal.App.5th 962, 981, 982.) In determining if an upper term sentence can stand under this new framework, "we must ask both whether we can be certain the jury would have found beyond a reasonable doubt the aggravating circumstances relied on by the court *and* whether the trial court would have exercised its discretion in the same way if it had been aware of the statutory presumption in favor of the middle term." (*Ibid.*)

Here, we answer both of these questions in the negative. At the outset, we observe that neither party directs us to nor can we ourselves discern what aggravating circumstances the trial court relied on in its upward departure from the presumptive middle term sentence for Gonsalves's criminal threats conviction. At his February 2023 resentencing hearing, the trial court did not specify any aggravating circumstances; rather, it indicated that "for the reasons . . . previously put on the record," the sentencing would be identical to what the court originally imposed. But the reasons the court provided in support of Gonsalves's initial sentence were also sparse; there was no mention of specific aggravating circumstances; in fact, the court found the aggravating and mitigating circumstances were "evenly balanced." Beyond this, the court twice mentioned *mitigating* factors, such as K.B.'s testimony and a letter she sent to the court, which led the court to impose the middle term for the possession of firearm conviction.

On this record, we cannot divine what aggravating circumstances the trial court relied on much less say that the jury would have found beyond a reasonable doubt that these circumstances were true. (See *People v.*

7

*Wandrey*, *supra*, 80 Cal.App.5th at p. 982.) Additionally, we cannot say with certainty the court would have exercised its discretion in the same way if it had been aware of section 1170, subdivision (b)(1)–(2)'s presumption in favor of the middle term. (*Ibid.*) This is especially true in light of the court's references to mitigating factors that justified "dropping" the aggravated term to the middle term for the possession of firearm conviction, which suggests the court may *not* have departed from the presumptive middle term had it been aware of section 1170's amendments. Notably, the Attorney General makes no argument to the contrary. (See *People v. Bouzas*, *supra*, 53 Cal.3d at p. 480.)

Accordingly, remand is appropriate to enable the trial court to resentence Gonsalves taking into account section 1170, subdivision (b)(1)–(2).

Gonsalves additionally asserts the lower term presumption under section 1170, subdivision (b)(6) was triggered by evidence in the record that psychological trauma—purportedly stemming from his isolation during the COVID-19 pandemic and his ongoing drug addiction—was a contributing factor in his commission of the offenses. Thus, Gonsalves argues the trial court abused its discretion when it sentenced him to the upper and middle terms without affirmatively showing that the aggravating circumstances outweighed the mitigating ones and that imposition of the lower term would be contrary to the interests of justice.

So far as we can tell at this point, other than Gonsalves's statement to probation, "If COVID hadn't hit, I would not be in jail right now," and his representation that he has struggled with methamphetamine use, the record is silent as to whether and how these circumstances constituted trauma that contributed to Gonsalves's commission of the offenses. (See, e.g., *People v. Banner* (2022) 77 Cal.App.5th 226, 241 [mental illness can only trigger

8

section 1170's lower term presumption if psychological trauma attended the illness and "*that* trauma" contributed to the commission of the crime].) However, we need not reach this issue because our holding concerning section 1170, subdivision (b)(1)–(2) requires complete resentencing that takes into account all of the amendments to section 1170, including subdivision (b)(6), and any further record that Gonsalves may develop.[3]

## DISPOSITION

The judgment is reversed.  The matter is remanded for the trial court to hold a new sentencing hearing consistent with the provisions of the amended section 1170.

---

[3] In light of our disposition, we need not address the Attorney General's argument the challenge under section 1170, subdivision (b)(6) is forfeited or Gonsalves's alternative claims of ineffective assistance of counsel.

_____
DESAUTELS, J.

We concur:


_____
STEWART, P.J.


_____
MILLER, J.

*People v. Gonsalves* (A167441)